THOMAS R. GOLD, JR., *et al.,* Plaintiffs-Appellants, v. NICK VASILEFF, Defendant-Appellee (Edward R. Dubish *et al.,* Defendants).

Fifth District No. 5—86—0559

Opinion filed August 14, 1987.

126

[REDACTED]

Johannes & Marron, P.C., of Highland, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (William F. Kopis, Stephen R. Swofford, and Joshua G. Vincent, of counsel), for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiffs Thomas R. Gold, Jr., Barbara A. Gold and W. Scott Stroder, hereafter referred to as buyers, are contract purchasers of a grocery store business owned by defendants Edward R. Dubish, Pauline M. Dubish, Edray Foods, Inc., and Edray Dubish Investments, hereafter referred to as sellers. Buyers commenced a multicount

action against sellers for, generally, breach of contract, and this action remains pending in the circuit court of Madison County. Also made a defendant in the same action was the sellers' attorney, Nick Vasileff, hereafter referred to as defendant. On motion the counts directed against Vasileff were dismissed for failure to state causes of action. The court found no just reason for delaying enforcement or appeal (107 Ill. 2d R. 304(a)) and this appeal followed.

█ According to the briefs, the counts of the complaint directed against defendant were premised on fraud, negligent representation, breach of a fiduciary relationship and promissory estoppel. No argument is advanced on appeal as to the latter theory, and we deem it waived. In any event, this basis of liability is contractual, and defendant is not one of the contracting parties, nor alleged to be one. Restatement (Second) of Contracts sec. 90 (1981).

The factual allegations of the complaint as to all counts are essentially identical. A contract for the sale of a grocery store business was entered into between the buyers and sellers. The sellers were represented by defendant, who apparently prepared the contract. The sellers failed to conclude the sale. It is alleged that defendant "promised and represented" to buyers that sellers "would comply with the terms, conditions and agreements" of the contract when he knew or should have known that the promises and representations were false and that the sellers would not perform their obligations under the contract. It was further alleged that he failed to inform buyers that the sellers would not perform and in reliance on defendant's representations, buyers resigned from their present employment to their substantial detriment. One count alleged that the buyers reposed great trust and confidence in defendant, the unstated conclusion presumably being that defendant breached a fiduciary or confidential relationship. Other counts were couched in terms of negligent misrepresentation of material fact.

It is noteworthy that buyers do not allege that defendant in any way caused or contributed to the sellers' nonperformance or conspired with the sellers to injure buyers, simply that defendant had knowledge that the sellers would not perform and failed to share this knowledge with the buyers. It is also noteworthy that buyers do not claim that defendant represented them in any way in the transaction.

█ An attorney owes a duty to a nonclient only in the most limited circumstances. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.) A lawyer must represent his client with zeal and undivided loyalty in adversarial matters, such as negotiations and drafting of documents concerning the sale of a business. Defendant owed no

fiduciary duties to the buyers, and if the buyers reposed trust and confidence in defendant, it was unreasonably placed and could not be the basis for an equitable type of action founded on breach of a fiduciary or confidential relationship, if, indeed, the thrust of the buyers' pleading could be so construed.

In *Schott v. Glover* (1982), 109 Ill. App. 3d 230, 440 N.E.2d 376, it is broadly stated that an attorney is privileged to advise his client that he need not perform an alleged contractual obligation, even though such advice is incorrect and may subject the client to liability. In such event the attorney cannot be subject to suit for tortious interference with a contractual relationship. "To impose such liability on an attorney would have the undesirable effect of creating a duty to third parties which would take precedence over an attorney's fiduciary duty to his client. Public policy requires that an attorney, when acting in his professional capacity, be free to advise his client without fear of personal liability to third persons if the advice later proves to be incorrect." (109 Ill. App. 3d 230, 234-35, 440 N.E.2d 376, 379.) In short, the attorney can have no fiduciary duties to third parties.

The principle discussed in *Schott* would necessarily dispose of the fraud counts if they be considered to state a cause of action for fraud, which we conclude they do not.

█ A promise that a third party will perform his contractual obligations in the future cannot be the subject of an action for fraud against an attorney. Assuming that the buyers and sellers have entered into a valid contract, the sellers are obligated to perform, and to state that the sellers' attorney can be subject to liability for fraud because he "represented and promised" performance is simply to state what the law requires of one who enters into a valid contract. What the attorney suspected, even believed, his client might do in the future is irrelevant, as the client is legally obligated to perform.

█ █ Furthermore, a misrepresentation about events to occur in the future cannot constitute the tort of fraud. (*Ochoa v. Maloney* (1979), 69 Ill. App. 3d 689, 387 N.E.2d 852.) The representation must be to an existing or past fact. (*Metropolitan Sanitary District v. Pontarelli & Sons, Inc.* (1972), 7 Ill. App. 3d 829, 841-42, 288 N.E.2d 905, 913; Restatement (Second) of Torts sec. 525(e) (1977).) A failure to perform a promise to do some act in the future cannot be the subject of an action for fraud, and this established principle of law is not contradicted by any of the cases relied on by the buyers. (See, *e.g.*, *Kurti v. Fox Valley Radiologists, Ltd.* (1984), 124 Ill. App. 3d 933, 464 N.E.2d 1219; *Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267.) While statements of opinion may be actionable, the

opinion must relate to the falsity of a present or past fact, not a promise to be performed in the future.

■ ■ Although we are not required to address all assignments of error on appeal, we will mention, briefly, buyers' other points, which are without any merit. What we have said above disposes of buyers' argument based on negligent misrepresentation. Buyers also complain that they were not given leave to file an amended complaint. Leave was never requested, nor do we perceive how any amendment could cure the substantial defects in buyers' theories as to the basis of Vasileff's potential liability. Buyers' last point regarding the potential bias of the original trial judge is totally without merit and requires no further elaboration.

The judgment of the circuit court of Madison County is affirmed.

Affirmed.

HARRISON and KASSERMAN, JJ., concur.