(No. 68293.—

THOMAS MARSH *et al.*, Appellants, v. THE EVAN-
GELICAL COVENANT CHURCH OF HINSDALE,
Appellee.

*Opinion filed October 18, 1990.—Rehearing denied
November 30, 1990.*

Bruce C. Davidson, of Chicago, for appellants.

Richard W. Hymes, Jr., of Hinsdale, for appellee.

Thomas P. Sullivan, Robert C. Keck, Jr., William A. Von Hoene, Jr., and Steven J. Durham, of Jenner & Block, of Chicago, for *amici curiae* James and Florence Pollack.

JUSTICE WARD delivered the opinion of the court:

The plaintiffs, Thomas Marsh and others, brought an action in the circuit court of Du Page County to enjoin the defendant church from violating a Village of Hinsdale zoning ordinance. A bench trial was held and the plaintiffs were denied any relief. On July 27, 1988, the trial court entered a judgment in the defendant's favor and against the plaintiffs. Twenty-nine days later, on August 25, 1988, the plaintiffs filed a notice of appeal. That same day, the defendant filed a motion for attorney fees as sanctions pursuant to section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The plaintiffs did not withdraw their notice of appeal and the appeal proceeded simultaneously with the section 2—611 motion. On November 2, 1988, the trial court denied the defendant's section 2—611 motion.

On January 5, 1989, the defendant filed a motion to dismiss the plaintiffs' appeal. The defendant claimed that

the plaintiffs' notice of appeal was premature and that the appellate court therefore lacked jurisdiction to address the merits of the appeal. The appellate court dismissed the appeal and denied the plaintiffs' petition for reconsideration. This court granted the plaintiffs' petition for leave to appeal (107 Ill. 2d R. 315(a)).

The issue raised in this appeal is whether the plaintiffs' appeal was properly dismissed as untimely. Supreme Court Rule 303 governs the timing of appeals from final judgments of the circuit court. (107 Ill. 2d R. 303.) Subsection (a)(1) of that rule states that a notice of appeal must be filed within 30 days after entry of the final judgment appealed from, or "if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-trial motion." (107 Ill. 2d R. 303(a)(1).) Subsection (a)(2) of Rule 303 states that a notice of appeal filed before entry of an order disposing of the last pending post-trial motion has no effect and must be withdrawn by the party who filed it. This is so whether the post-trial motion was filed before or after the notice of appeal. A new notice of appeal must be filed within 30 days after entry of the order disposing of the last pending post-trial motion. 107 Ill. 2d R. 303(a)(2).

The defendant argues that its section 2—611 motion for attorney fees was a post-trial motion, which extended the time for filing a notice of appeal from the judgment. It claims that the 30-day period for filing a notice of appeal did not begin to run until November 2, 1988, the day the circuit court disposed of the section 2—611 motion, and that the plaintiffs' notice of appeal, filed on August 25, 1988, was premature. The defendant maintains that the plaintiffs' failure to file another notice of appeal within 30 days of the trial court's November 2, 1988, order left the appellate court without jurisdiction to hear the merits of the case.

The plaintiffs, on the other hand, argue that the defendant's section 2—611 motion for fees was not a post-trial motion and did not extend the time for filing a notice of appeal. They claim that the 30-day period for filing a timely notice of appeal began to run on July 27, 1988, the day the circuit court entered judgment on the original claim. The plaintiffs argue that the August 25, 1988, notice of appeal therefore was timely and that the appellate court improperly dismissed his appeal.

We first consider whether the defendant's section 2—611 motion for attorney fees qualifies as a post-trial motion. Section 2—611 requires that an attorney sign pleadings and other papers filed with the court. The attorney's signature constitutes a certificate by him that he has read the document, has made a reasonable inquiry into its bases and believes it is well grounded in fact, warranted by existing law and made in good faith. If a paper is signed in violation of section 2—611, the statute authorizes the court to impose sanctions, including reasonable attorney fees, upon the person who signed it, the represented party, or both. Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

Section 2—1203 of the Civil Practice Law authorizes the filing of post-trial motions. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203.) That section states:

> "In all cases tried without a jury, any party may, within 30 days after entry of the judgment *** file a motion for a rehearing, or a retrial, or a modification of the judgment or to vacate the judgment or for other relief." Ill. Rev. Stat. 1987, ch. 110, par. 2—1203(a).

For a motion to qualify as a "post-trial motion," one or more of the types of relief specified in section 2—1203 must be specifically requested. (*Fultz v. Haugan* (1971), 49 Ill. 2d 131.) A section 2—611 motion for attorney fees certainly does not seek a rehearing, retrial or vacation of the judgment. Moreover, this court has held that the

"other relief" specified in section 2—1203 must be similar in nature to the other forms of relief enumerated in the section. (*Fultz v. Haugan* (1971), 49 Ill. 2d 131 (motion to file an amended complaint does not qualify as a motion for "other relief"); see also *In re Petition of Kildeer to Annex Certain Property* (1987), 162 Ill. App. 3d 262 (motion for a stay pending appeal is not a post-trial motion).) The defendant's section 2—611 motion did not request the court to grant any relief from the July 27, 1988, order.

Even if we were to construe the defendant's section 2—611 motion for attorney fees as a motion to modify the judgment, it was not a post-trial motion within the meaning of Supreme Court Rule 303(a), because it was not a post-trial motion "directed against the judgment." (107 Ill. 2d R. 303(a).) The defendant here moved for attorney fees under section 2—611 after judgment was entered on the plaintiffs' complaint. Although the motion related to allegations and denials made by the plaintiffs, it did not attack the original judgment entered in the defendant's favor. The question of whether section 2—611 sanctions were appropriate required an independent determination, entirely distinct from judgment previously entered. *Withall v. Capitol Federal Savings of America* (1987), 164 Ill. App. 3d 851.

The facts in this case are distinguishable from those in *Benet Realty Corp. v. Lisle Savings & Loan Association* (1988), 175 Ill. App. 3d 227. In *Benet*, the plaintiff sued the defendant for breach of a loan agreement. The defendant brought a counterclaim against the plaintiff, seeking attorney fees under a provision of the mortgage agreement which specified that the plaintiff was responsible for paying any attorney fees the defendant incurred to enforce the agreement. The trial court's judgment found the defendant in breach of the agreement and denied the defendant's counterclaim for attorney fees. The

defendant filed a motion within 30 days of the judgment, requesting the court to modify the judgment to allow him attorney fees under the provisions of the mortgage agreement. This motion directly attacked the trial court's final judgment and was properly characterized as a section 2—1203 post-trial motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203). *Benet Realty Corp.*, 175 Ill. App. 3d at 233.

This case is also distinguishable from *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372. In that case, the plaintiffs brought an action alleging that the Attorney General exceeded his authority in requiring claimants under the Crime Victims Compensation Act to establish citizenship or legal alien status before they could recover. The plaintiffs also sought attorney fees under the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1981, ch. 127, par. 1014.1(b)). The trial court's order found, *inter alia*, that the plaintiffs were not entitled to attorney fees. The plaintiffs filed a timely post-trial motion requesting the trial court to vacate that portion of its order denying them fees. That motion attacked the trial court's order and was properly considered a post-trial motion. *Hernandez*, 135 Ill. App. 3d at 377.

In this case, unlike *Benet* and *Hernandez*, the defendant moved for attorney fees under section 2—611 *after* the trial court entered judgment in the defendant's favor. The motion was not directed against that judgment. (*Fultz v. Haugan* (1971), 49 Ill. 2d 131 (a motion to file an amended complaint is not "directed against the judgment"); see also *In re Petition of Kildeer to Annex Certain Property* (1987), 162 Ill. App. 3d 262 (motion for a stay pending appeal is not directed against the judgment).) Thus, even if we were to construe the defendant's section 2—611 motion as one seeking modification of the judgment or "other relief," it was not a post-trial motion within the meaning of Supreme Court Rule

303(a), because it was not "directed against the judgment."

Our conclusion that the section 2—611 motion at issue was not a post-trial motion does not answer the question of whether the plaintiffs' appeal was properly dismissed. We must determine what effect the filing of a section 2—611 motion for attorney fees has on the appealability of the underlying judgment.

Supreme Court Rule 304(a) governs the timing of appeals from final orders not disposing of all matters presented to the court. (107 Ill. 2d R. 304(a).) That rule states:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

Under Rule 304(a), if a trial court's order disposes of fewer than all of the claims in an action, the court must make an express written finding that there is no just reason for delaying enforcement or appeal. Without the Rule 304(a) finding, a final order disposing of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved.

In *Ariola v. Nigro* (1958), 13 Ill. 2d 200, the court discussed the meaning of the word "claims," referred to in the predecessor to Supreme Court Rule 304(a). The court noted that the rule itself referred to a judgment that adjudicates fewer than all "the claims or rights and

liabilities" and that the committee comments indicated that the section was to take effect when there is a final judgment adjudicating fewer than "all the matters involved." The court also noted that the purposes behind the rule were to discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty which existed when a final judgment was entered on fewer than all of the matters in controversy. In view of both the language of the rule and the purposes behind it, the court concluded that the rule "was intended to apply wherever a final judgment or decree determines fewer than all the rights and liabilities at issue." (*Ariola*, 13 Ill. 2d at 207.) Several months later, the court broadened the definition of the word "claim," holding that the rule applied "when the judgment or decree determines fewer than all the rights and liabilities in issue or fewer than all of the matters involved in the case." *Getzelman v. Koehler* (1958), 14 Ill. 2d 396, 400.

Accordingly, a "claim" is any right, liability or matter raised in an action. If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal. Otherwise, the order is not appealable.

In *Hise v. Hull* (1983), 116 Ill. App. 3d 681, the court discussed the applicability of Rule 304(a) to a section 2—611 request for attorney fees. The court held that a request for attorney fees pursuant to section 2—611 is a "claim" within the meaning of Supreme Court Rule 304(a). The defendant in that case brought a request for attorney fees under section 2—611 as part of his motion to dismiss the plaintiff's complaint. The *Hise* court concluded that the request for fees under section 2—611 met all of the criteria outlined in *Ariola*: it was a matter involved in the action, it was a possible right of the party requesting fees and it was a possible liability of the party opposing fees. (*Hise*, 116 Ill. App. 3d at 684;

see also *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 377.) Accordingly, the court held that when a request for fees under section 2—611 is brought as part of the responsive pleading, it becomes part of the same action and must be disposed of by the judgment or a Rule 304(a) finding must be entered before the trial court's judgment on the original claim is appealable.

The *Hise* court observed, however, that a section 2—611 claim may be brought as a separate action any time within 30 days after the judgment disposing of the main claim. The court then stated that, when a section 2—611 motion is filed after disposition of the main claim, rather than as part of the responsive pleading, the pendency of the section 2—611 claim will not prevent the order disposing of the main claim from being final and appealable without a Rule 304(a) finding.

The court analogized the situation to one in which a defendant has a claim against a plaintiff which he may bring either as a counterclaim in the plaintiff's action or as a separate action. If the defendant chooses to raise his claim as a counterclaim, it must be resolved or a Rule 304(a) finding must be entered before the order disposing of the plaintiff's claim is appealable. If the defendant brings his claim as a separate action, on the other hand, the trial court's failure to rule on the motion will not prevent the order disposing of the original claim from being appealable without a Rule 304(a) finding.

Thus, under *Hise*, a section 2—611 motion may be characterized as a "claim" where it is brought as part of the responsive pleadings. But, when such a motion is filed after judgment has been entered on the original claim, it is a separate action and the trial court's failure to rule on the motion will not prevent the order disposing of the original claim from being appealable without a Rule 304(a) finding. Other decisions agreed with the holding in *Hise* that section 2—611 claims may be

brought as separate actions and do not affect the appealability of the main claim under such circumstances. *Withall v. Capitol Federal Savings of America* (1987), 164 Ill. App. 3d 851, 854-55.

In 1986, however, section 2—611 was amended to add the following language:

> "All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney or insurance company involved in the civil action in question." (Pub. Act 84—1431, art. 2, §1, eff. Nov. 25, 1986 (the Supreme Court of Illinois has adopted Rule 137, which substantially preempts and incorporates the provisions of section 2—611).)

This amendment was added after the *Hise* court held that a section 2—611 claim may be brought as a separate action within 30 days after disposition of the main claim, and that the pendency of the section 2—611 claim in such cases will not prevent the order disposing of the main claim from being final and appealable without a Rule 304(a) finding.

In *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, the court concluded that, under the amended statute, a section 2—611 claim must be brought as part of the underlying action and not as a separate action. The court held that, when a section 2—611 claim is brought after the disposition of the main claim, the judgment entered on the main claim, even though otherwise a final judgment, is not appealable without a Rule 304(a) finding until the section 2—611 claim is resolved.

We consider that the *Palmisano* court was correct in holding that section 2—611 claims must now be consid-

ered part of the civil action which gave rise to the claim and cannot be considered separate actions, even where such claims are brought after a final judgment has been entered on the original claim. This interpretation of the amendment is consistent with the committee comments to section 2—611, which state that the added provision is intended to prevent the multiplication of litigation and to ensure that claims arising under the section are resolved as part of the case which gives rise to them. The comments also make clear that the amendment does not affect the *Hise* court's conclusion that a section 2—611 motion for sanctions is a separate claim for purposes of appeal. Ill. Ann. Stat., ch. 110, par. 2—611, Historical & Practice Notes, at 22 (Smith-Hurd Supp. 1989).

Accordingly, we hold that no appeal may be taken from an otherwise final judgment entered on a claim when a section 2—611 claim remains to be resolved, absent a finding pursuant to Rule 304(a) that there is no just reason to delay enforcement or appeal. We note that this conclusion will not cause unnecessary delay. Because a section 2—611 claim is considered part of the underlying cause of action, it must be brought within 30 days of the underlying judgment or within such further time as the underlying claim remains under the jurisdiction of the trial court while a timely post-trial motion is pending.

The amended statute is applicable to the plaintiffs' complaint, which was filed on September 9, 1987. Accordingly, absent a Rule 304(a) finding, the judgment entered by the trial court on July 27, 1988, denying the plaintiffs' claim for injunctive relief, was not appealable until disposition of the defendant's claim for attorney fees. Because the defendant did not request, and the trial court did not make, a Rule 304(a) finding, the 30-day period for filing a notice of appeal began to run, in this case, on November 2, 1988, the day the circuit court

disposed of the defendant's claim for attorney fees under section 2—611. We hold that the plaintiffs' notice of appeal, filed August 25, 1988, was premature, since it was filed before the trial court order disposing of the defendant's claim for sanctions pursuant to section 2—611. The August 25, 1988, notice of appeal, being premature, was ineffective in conferring appellate jurisdiction upon the appellate court. Accordingly, the appellate court lacked jurisdiction to address the merits of the plaintiffs' appeal and properly dismissed the appeal. The judgment of the appellate court is affirmed.

*Judgment affirmed.*