Docket No. 83214–Agenda 9–January 1998.

FOREST G. NICCUM 
et al.
, Appellants, v. BOTTI, MARINACCIO, DESALVO & TAMELING, LTD., 
et al.
, Appellees.

JUSTICE HEIPLE delivered the opinion of the court:

Finality is generally a prerequisite to appellate jurisdiction. A final order is appealable as of right, and filing a notice of appeal is the jurisdictional step which initiates appellate review. 155 Ill. 2d R. 301. The filing of a timely motion for sanctions in the trial court, however, renders a notice of appeal from such an order premature and precludes appellate jurisdiction. See 
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 468-69 (1990). No appeal may be taken from an otherwise final judgment when a motion for sanctions remains to be resolved, 
except
 where a trial court has made a written finding consistent with Supreme Court Rule 304(a) that there is no just reason to delay enforcement or appeal. 
Marsh
, 138 Ill. 2d at 468. Rule 304(a) allows appeal from a final order which disposes of fewer than all the parties or claims if an express written finding is made that there is no just reason to delay enforcement or appeal. 155 Ill. 2d R. 304(a). We allowed leave to appeal in this case to answer the following arcane question of appellate jurisdiction arising from the interplay of these jurisdictional rules: Is a timely notice of appeal filed from a final order dismissing a complaint with prejudice, which includes a Rule 304(a) finding that there is no just reason to delay enforcement or appeal, effective to confer jurisdiction on the appellate court notwithstanding that a subsequent motion for sanctions is filed in the trial court?

The facts of this case are uncomplicated. On February 7, 1995, the circuit court of Cook County dismissed the plaintiffs' complaint with prejudice and included in this otherwise final and appealable order the Rule 304(a) language that “there is no just reason or cause as to why enforcement or appeal should be stayed.” On March 7, the plaintiffs filed a timely notice of appeal. Two days later, on March 9, the defendants filed a timely motion for sanctions in the circuit court; on April 17, the defendants moved to dismiss the plaintiffs' appeal, arguing that their motion for sanctions rendered the plaintiffs' notice of appeal ineffective and divested the appellate court of jurisdiction. On May 11, the appellate court denied the defendants' motion to dismiss the appeal. The circuit court subsequently denied the defendants' motion for sanctions. Then, two years later, the appellate court reversed itself and dismissed the plaintiffs' appeal after concluding that the defendants' motion for sanctions had indeed rendered the plaintiffs' notice of appeal premature.

There is no dispute that the circuit court order dismissing the plaintiffs' complaint with prejudice was a final and appealable order. Nor is there any dispute that a motion for sanctions filed in the circuit court typically renders a notice of appeal from an otherwise appealable order premature. The issue is what effect, if any, did the circuit court's Rule 304(a) finding in its order dismissing the complaint have on the appealability of the order in the face of a subsequent motion for sanctions.

Our appellate court is divided on the question. Some cases hold that a Rule 304(a) finding is entirely without effect in an order which is otherwise appealable as of right, and thus cannot later support jurisdiction over such an order when a subsequent claim like a motion for sanctions is filed. See, 
e.g
., 
Waters v. Reingold
, 278 Ill. App. 3d 647, 653 (1996); 
Pines v. Pines
, 262 Ill. App. 3d 923, 929 (1994). Other cases hold that a notice of appeal from an order which includes a Rule 304(a) finding remains effective, even after a motion for sanctions is filed and despite that the finding was unnecessary when made. See, 
e.g
., 
American National Bank & Trust Co. v. Bus
, 212 Ill. App. 3d 133, 136 (1991); 
Cashmore v. Builders Square, Inc.
, 207 Ill. App. 3d 267, 273 (1990).

This court has not expressly reached the question but came close in 
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d at 468-69, where the court held that a notice of appeal was premature because it was filed before the trial court had disposed of a motion for sanctions. The court suggested that a different result might have obtained had there been a Rule 304(a) finding in the order. 
Marsh
, 138 Ill. 2d at 468 (“no appeal may be taken from an otherwise final judgment entered on a claim when a [motion for sanctions] claim remains to be resolved, 
absent a finding pursuant to Rule 304(a) that there is no just reason to delay enforcement or appeal
” (emphasis added)).

Here we address the question directly and must balance competing institutional interests. We want to discourage piecemeal litigation in an effort to preserve scarce judicial resources. At the same time, we recognize the judicial economy in allowing a trial court to make a Rule 304(a) finding 
in anticipation
 of a motion for sanctions. In the interests of judicial economy, we hold that the better rule is to permit such a practice: a notice of appeal filed from a final order including a 304(a) finding–though unnecessary to render the order appealable–allows the appellate court to retain jurisdiction even where a subsequent motion for sanctions is filed and is pending in the trial court. Therefore, we reverse the judgment of the appellate court and remand to that court for further proceedings.

Reversed and remanded.

JUSTICE MILLER, dissenting:

I do not agree with the majority's conclusion that a premature and unnecessary finding under Supreme Court Rule 304(a) may later take effect when, as in this case, a motion for sanctions is subsequently filed. In my view, the majority's holding is inconsistent with the purposes of Rule 304.

The order dismissing the plaintiffs' complaint was originally appealable of right under Supreme Court Rule 301, for it disposed of all the then-pending claims of all the parties. The additional finding under Rule 304(a) included in the dismissal order was unnecessary and of no effect. 
Pines v. Pines
, 262 Ill. App. 3d 923, 929 (1994). The plaintiffs could have sought that finding later, after the defendants filed their motion for sanctions; as Rule 304(a) states, “Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party.” The plaintiffs did not later request a finding under Rule 304(a), however, and the earlier finding contained in the dismissal order should not be given effect.

Rule 304(a) is designed to prevent piecemeal appeals in the absence of circumstances that would justify an immediate appeal. 
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 465 (1990). This requires a judge to consider, before making a Rule 304(a) finding, the advisability of permitting an immediate appeal from an order that is final but not otherwise appealable, because of the existence of other parties or claims. 
Waters v. Reingold
, 278 Ill. App. 3d 647, 657 (1996). Application of the rule should therefore be discretionary, but the procedure approved by the majority removes all discretion from the trial court's consideration. Rather than require an assessment of the circumstances of the case and a decision whether an immediate appeal of an order disposing of fewer than all the claims or parties would be beneficial, the majority dispenses with that discretion and gives subsequent effect to a finding that was not operative when it was made.

Findings under Rule 304(a) should not be entered reflexively; rather, due consideration must be given to the circumstances of the case at hand. Indeed, in the present case, there is reason to believe that entry of a finding allowing an immediate appeal would have represented an abuse of discretion. The plaintiffs' appeal from the order dismissing their complaint raised the question whether the complaint stated a cause of action; the defendants' subsequent motion for sanctions involved a similar question, whether the plaintiffs' action was frivolous. Because of the substantial overlap between the two, allowing an immediate appeal from the order dismissing the complaint would have been an abuse of discretion.

The language of Rule 304(a) was invoked here without the requisite exercise of discretion on the part of the judge entering the finding. Because application of Rule 304(a) is meant to be discretionary, a finding under the rule should be effective only when the judge has been called upon to exercise his or her discretion. To allow a Rule 304(a) finding to have effect later, even though it was unnecessary when it was made, undermines the purpose of the rule.