GILBERT SERVIO, Plaintiff-Appellant, v. PAUL ROBERTS AUTO SALES, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 1—89—0073, 1—89—1875 cons.

Opinion filed March 25, 1991.

752

Llwellyn L. Greene-Thapedi, of Chicago, for appellant.

Law Offices of Michael Brown, Ltd., of Chicago (Mark S. Schwartz, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Gilbert Servio, appeals from orders of the circuit court of Cook County in an action against Paul Roberts Auto Sales, Inc. (Paul Roberts), and Chicago Acceptance Corporation (CAC) for damages arising from the sale, repossession and resale of a used automobile.[1] For the following reasons, we dismiss the appeal as to all matters, except for an order granting defendants attorney fees, which we affirm.

The facts necessary to the disposition of this appeal are as follows.

On May 20, 1980, plaintiff purchased a used automobile from defendant Paul Roberts under the terms of an installment sales contract. This purchase was financed by defendant CAC; the sale was later assigned by Paul Roberts to CAC. Plaintiff's account subsequently fell into arrears, at which time CAC repossessed the automobile, resold it to the Illinois Motor Sales Company and sent a notice of a deficiency balance to plaintiff.

Plaintiff initially filed suit against defendants in 1982. Plaintiff subsequently amended his complaint on October 13, 1982, alleging in five counts that: (I) CAC violated the Federal Truth in Lending Act (15 U.S.C. §1610 (1988)) and Regulation Z (12 C.F.R. §226 (1990)); (II) CAC violated Illinois' version of the Uniform Commercial Code (see Ill. Rev. Stat. 1987, ch. 26, par. 9—504); (III) defendants violated the Motor Vehicle Retail Installment Sales Act (MVRISA) (Ill. Rev. Stat. 1987, ch. 121½, pars. 562.9, 565(10), 569, 569.01); (IV) defendants violated the Consumer Fraud and Deceptive Business Practices Act (CFDBPA) (Ill. Rev. Stat. 1987, ch. 121½, par. 262 *et seq.*); and (V) CAC converted plaintiff's property by means of an invalid wage assignment.

The trial court granted defendants' motion to strike count I of the complaint as barred by the applicable statute of limitations on January 12, 1983. The trial court also entered summary judgment in fa-

---

[1]The automobile in question is a 1974 Mercury Comet. The trial court characterized it as "a 1974 automobile with 82,000 miles that had some grille damage, had poor brakes, testified to [as] being unsafe * * * for operation on the streets of the city."

vor of defendants as to count III of the complaint, which sought a private remedy for alleged violations of the MVRISA, on May 27, 1986.

The trial of the case began on September 9, 1986, but was then continued on numerous occasions and was dismissed for want of prosecution (DWP) on January 26, 1987. The trial court granted plaintiff's motion to vacate the DWP on May 15, 1987, but reserved ruling on defendants' previously filed motion for witness and attorney fees. Plaintiff's motion for mistrial and reassignment of the case, predicated on the fact that the court in which the case was to be tried had no regularly sitting judge, was granted on February 2, 1988, with the proviso that defendants be allowed to set off witness and attorney fees against any judgment exceeding $1,000.

The case was then assigned to Judge Carlson for trial. On July 18, 1988, following pretrial motions and opening statements, the court declared a mistrial because it was likely that plaintiff's attorney would be a witness for plaintiff, thus disqualifying the attorney under Disciplinary Rules 5—101 and 5—102 of the Illinois Code of Professional Responsibility (107 Ill. 2d Rules 5—101, 5—102 (repealed and superseded by new rules effective August 1, 1990)). The court reversed this ruling on October 24, 1988, due to the hardship that would be placed on plaintiff by the lack of attorneys willing to take the case.

The bench trial then commenced. Following the close of plaintiff's case, the court entered a directed finding for defendants on count V of the complaint and as to all of the allegations in count IV except for the claim alleging the resale of the automobile violated section 2G of the CFDBPA. At the close of the trial, the court found for plaintiff on count II of the complaint, awarding $1,037.88 in damages. The court found in favor of the defendants on all other counts of the complaint. This judgment was entered on December 16, 1988.

Plaintiff filed a notice of appeal from these orders on January 6, 1989. Defendants then filed three motions in the trial court on January 13, 1989: (1) a motion for reduction in judgment as to count II, pursuant to the trial court's previous order concerning setoff of witness and attorney fees; (2) a petition for attorney fees pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611, now preempted by Supreme Court Rule 137 (134 Ill. 2d R. 137)); and (3) a motion for attorney fees pursuant to section 10a(c) of the CFDBPA (Ill. Rev. Stat. 1987, ch. 121½, par. 270(c)). On May 30, 1989, the trial court granted the motion for reduction in judgment, denied the section 2—611 petition and granted the Section 10a(c) motion for attorney fees, but continued that motion until June 14, 1989, when an order to award defendants $450.50 in

attorney fees was entered. On July 12, 1989, plaintiff filed a second notice of appeal to this court.

Initially, we note that plaintiff's brief, which was filed on November 13, 1989, contains no jurisdictional statement. The defendants' brief, filed on February 9, 1990, raises the issue of whether this court has jurisdiction to consider this appeal. In his reply brief, plaintiff addressed the issue of this court's jurisdiction and cited authority in support of a finding of jurisdiction. However, plaintiff never sought leave of this court to file a jurisdictional statement.

■■ The question of jurisdiction of the appellate court must be determined prior to deciding the merits of an appeal. (*Mar Cement, Inc. v. Diorio Builders, Inc.* (1987), 153 Ill. App. 3d 798, 800, 506 N.E.2d 381, 383.) The purpose of the jurisdictional statement is to set forth the jurisdictional basis for the appeal. Where our jurisdiction is far from clear, failure to file a jurisdictional statement may be grounds for dismissal of an appeal. *Dillard v. Kean* (1989), 183 Ill. App. 3d 28, 538 N.E.2d 914; 107 Ill. 2d R. 341(e)(4).

■■ In this case, the basis of our jurisdiction is far from clear. Unlike *Dillard*, however, plaintiff in this case has cited authority in support of a finding of jurisdiction. Consequently, in consideration of fairness to the parties, we will proceed to determine whether this court has jurisdiction to hear this appeal.

■■ On appeal, defendant maintains that neither of plaintiff's notices of appeal was timely filed. The supreme court rules govern the timeliness of plaintiff's appeal. Rule 303 provides, in relevant part, as follows:

"(a) Time; Filing; Transmission of Copy.

(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-trial motion.

(2) When a timely post-trial motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending post-trial motion shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-trial motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within the pre-

scribed time measured from the entry of the order disposing of the post-trial motion, as provided in subparagraph (a)(1) of this rule." (107 Ill. 2d R. 303(a).)

In short, a party must wait until the trial court rules on any pending post-trial motions before bringing an appeal. A notice of appeal that a party files before the circuit court has disposed of a timely post-trial motion has no effect. (*In re Marriage of Uphoff* (1983), 99 Ill. 2d 90, 95, 457 N.E.2d 426, 428.) It makes no difference whether the post-trial motion is filed before or after the notice of appeal. *Chand v. Schlimme* (1990), 138 Ill. 2d 469, 563 N.E.2d 441; 107 Ill. 2d R. 303(a)(2).

Neither party in this case disputes that the trial court rendered a final judgment on December 16, 1988. However, there does appear to be a dispute over the scope of that judgment as it related to attorney fees under the CFDBPA (see Ill. Rev. Stat. 1987, ch. 121½, par. 270a(c)).

■ The half-sheet is part of the official record in the municipal department of the circuit court of Cook County. (Cir. Ct. General Order No. 6.5; *Sampson v. Ambrose* (1984), 123 Ill. App. 3d 742, 744, 463 N.E.2d 783, 785.) Absent draft orders indicating otherwise, the half-sheet entries are the official recordation of orders entered. (*City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 525 N.E.2d 915.) Nevertheless, a circuit court order must be interpreted in its entirety, having reference to other parts of the record, including the pleadings and issues. *Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 858, 494 N.E.2d 1182, 1186; *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 789, 424 N.E.2d 911, 917.

In the present case, the half-sheet indicates an entry dated December 16, 1988, which reads:

"Trial by court finding issue versus defendant:

Chicago Acceptance Corp.

Damages _____ dollars ($1037.88)

Judgment on finding versus defendant Chicago Acceptance Corp. _____ dollars ($1037.88) & Costs on Count II all other Counts Court finds for Def'ts."

The record on appeal does not contain any draft orders. The recordation of judgment, therefore, is silent on the issue of attorney fees. The transcript of proceedings, however, contains two passages relating to attorney fees. In the first passage, which follows the court's reasons for finding in favor of defendants on count IV (the CFDBPA claim), the court states that "[t]here will be no judgment to award at-

torneys' fees concerning Count IV." The second passage is a colloquy which reads as follows:

"MR. SCHWARTZ [Defense counsel]: We would likewise reserve the right to file appropriate motion within 30 days, pertaining to an award of attorneys' fees or otherwise.

THE COURT: Since I feel it might be safe to say it would not be unreasonable to conclude that motions will be filed [,] [s]hould I set a status date at this time?

MS. GREENE-THADEPI [Plaintiff's counsel]: I would rather notice it up, your Honor.

THE COURT: All right, we will do it by notice so long as it's within the 30 days that there is filing, we have no problem."

The record thus indicates that the court both denied attorney fees which plaintiff sought on count IV or entered no judgment on the issue as to either party and also contemplated that defendants' request for attorney fees, if such request should be made, would be made by motion within 30 days of the judgment.

This exposition of the record is necessary in order to characterize the motions and orders which followed the judgment of December 16, 1988. Plaintiff filed his first notice of appeal on January 6, 1989. Defendant filed three motions with the trial court on January 13, 1989. The first question presented to this court, then, is which of these motions were "post-trial motions" under Rule 303.

Section 2—1203 of the Civil Practice Law, which allows the filing of post-trial motions (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203), states in relevant part:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment *** file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."

For a motion to qualify as a "post-trial motion," one or more of the types of relief specified in section 2—1203 must be specifically requested; any "other relief" as specified in section 2—1203 must be similar in nature to the other forms of relief enumerated in the section. *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 563 N.E.2d 459; *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873, 876.

■ Defendants' motion for reduction in judgment as to count II is clearly the sort of "post-trial motion" contemplated by section 2—1203, for a reduction in judgment is by necessity a modification of that judgment.

■ Defendants' petition for attorney fees pursuant to section 2—611 is not a "post-trial motion" for jurisdictional purposes, even if it could be construed as seeking to modify the judgment, because it is not "directed against the judgment" within the meaning of Rule 303(a). The question of whether section 2—611 sanctions were appropriate required an independent determination, entirely distinct from judgment previously entered. (*Marsh*, 138 Ill. 2d at 462-64, 563 N.E.2d at 462.) Nevertheless, following the 1986 amendment of section 2—611, a party cannot appeal an otherwise final judgment where a 2—611 claim has yet to be resolved, unless the court makes a finding pursuant to Rule 304(a) (107 Ill. 2d R. 304(a)) that there is no just reason to delay enforcement or appeal. *Marsh*, 138 Ill. 2d at 468, 563 N.E.2d at 464.

■ Defendants' motion for attorney fees pursuant to section 10a(c) of the CFDBPA is also not a "post-trial motion" "directed against the judgment" in this case, for the same reasons that a pre-1986 section 2—611 petition was not a "post-trial motion." The determination of whether a prevailing party is entitled to attorney fees and, if so, the calculation of those fees, are determinations independent of the underlying judgment. Therefore, a motion pursuant to section 10a(c) of the CFDBPA did not need to be resolved in this case before the last "post-trial motion" was disposed of for the purposes of Rule 303.

■ Nevertheless, *Marsh* suggests that we need to examine whether a Rule 304(a) finding was required while the section 10a(c) motion remained unresolved. Supreme Court Rule 304(a), which governs the timing of appeals from final orders not disposing of all matters presented to the court, states:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

Under Rule 304(a), if a trial court's order disposes of fewer than all of the claims in an action, the court must make an express written finding that there is no just reason for delaying enforcement or appeal.

Otherwise, a final order disposing of fewer than all of the claims is not appealable and does not become so until all of the claims have been resolved. *Marsh*, 138 Ill. 2d at 464, 563 N.E.2d at 463.

Our courts have recognized a distinction between a claim for fees which is brought as part of a principal action and a claim made after the principal action has been decided. (*Marsh*, 138 Ill. 2d at 462-63, 563 N.E.2d at 462 (distinguishing *Benet Realty Corp., Inc. v. Lisle Savings & Loan Association* (1988), 175 Ill. App. 3d 227; *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372).) In the latter situation, a Rule 304(a) finding is not required.

For example, in *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372, the court held that when a section 2—611 motion is filed after disposition of the main claim, rather than as part of the responsive pleading, the pendency of the section 2—611 claim will not prevent the order disposing of the main claim from being final and appealable without a Rule 304(a) finding.[2] (See *Hise*, 116 Ill. App. 3d at 684, 452 N.E.2d at 375.) The *Hise* court compared the situation to one in which a defendant has a claim against a plaintiff which he may bring either as a counterclaim in the plaintiff's action or as a separate action. If the defendant raises his claim as a counterclaim, it must be resolved or a Rule 304(a) finding must be entered before the order disposing of the plaintiff's claim is appealable. In contrast, if the defendant brings his claim as a separate action, the trial court's failure to rule on the motion will not prevent the order disposing of the original claim from being appealable without a Rule 304(a) finding. *Hise*, 116 Ill. App. 3d at 684-85, 452 N.E.2d at 375.

The *Hise* court explicitly limited its holding to post-judgment motions pursuant to section 2—611. (*Hise*, 116 Ill. App. 3d at 685, 452 N.E.2d at 375.) In *Haskell v. Blumthal* (1990), 204 Ill. App. 3d 596, 599-600, 561 N.E.2d 1315, 1317, a case involving the interpretation of section 10a(c), this court noted that:

> "Andrea Saltzman, a member of the Illinois and California bars, [has] set forth a list of some 88 Illinois statutes which provide for the award of attorney fees. (Saltzman, *A Brief Look at Statutory Attorneys' Fees in Illinois*, 73 Ill. B.J. 266 (1985).) Of these statutes, eight provide for an award of fees

---

[2] The *Hise* court also held that a request for attorney fees pursuant to section 2—611 is a "claim" within the meaning of Supreme Court Rule 304(a); that holding is unaffected by the subsequent 1986 amendment of section 2—611. *Marsh*, 138 Ill. 2d at 468, 563 N.E.2d at 464.

for a 'prevailing party.' Subsequent research has revealed that six other statutes now so provide."

The *Hise* reasoning has been applied in two later cases concerning statutes other than section 2—611 which permit recovery of attorney fees. *Brotherhood Mutual Insurance Co. v. Roseth* (1988), 177 Ill. App. 3d 443, 532 N.E.2d 354 (seeking fees under the Insurance Code); *Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, 504 N.E.2d 1305 (seeking fees under section 7—123 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 7—123)).

Moreover, this court has looked to the interpretation of similar Federal statutes in interpreting the CFDBPA (*Haskell*, 204 Ill. App. 3d at 600-02, 561 N.E.2d at 1317-18 (analogizing to attorney fee provisions of the Employee Retirement Income Security Act at 29 U.S.C. §1132(g)(1) (1982) and the Civil Rights Attorney's Fees Awards Act of 1976 at 42 U.S.C. §1988 (1988) to decide who is a "prevailing party" under the CFDBPA)). The Federal courts generally interpret attorney fee claims under those statutes as collateral as not affecting the finality or appealability of the judgment in the principal action. (*White v. New Hampshire Department of Employment Security* (1982), 455 U.S. 445, 451-53 nn.13-14, 71 L. Ed. 2d 325, 331-32 nn.13-14, 102 S. Ct. 1162, 1166-67 nn.13-14 (interpreting 42 U.S.C. §1988 (1988)); *Bittner v. Sadoff & Rudoy Industries* (7th Cir. 1984), 728 F.2d 820 (interpreting 29 U.S.C. §1132(g)(1) (1982)).) However, where the judgment sought to be appealed includes an order to pay attorney fees, but leaves the calculation of those fees for a later date, the judgment is not final for the purpose of Federal appellate jurisdiction. *Szabo v. United States Marine Corp.* (7th Cir. 1987), 819 F.2d 714, 717.

■ In this case, therefore, where the section 10a(c) motion raised claims that were collateral to the underlying action, the order of the trial court disposing of the last timely post-trial motion was appealable without a Rule 304(a) finding.

In sum, defendants filed three motions after the judgment of December 16, 1988. The motion for reduction in judgment was a "post-trial motion" within section 2—1203 and was "directed against the judgment" within Rule 303(a). The filing of this motion had the effect of nullifying plaintiff's first notice of appeal. (*Chand*, 138 Ill. 2d at 478, 563 N.E.2d at 445.) Consequently, plaintiff was required to file a new notice of appeal within 30 days of the entry of the order which disposed of the last timely post-trial motion. See 107 Ill. 2d R. 303(a)(2).

The motion for reduction in judgment was disposed of by the circuit court on May 30, 1989. The section 2—611 motion was not "directed against the judgment" within Rule 303, but an appeal could

not lie until the circuit court resolved it or issued a Rule 304 finding. (*Marsh*, 138 Ill. 2d at 468, 563 N.E.2d at 464.) The section 2—611 motion was also resolved on May 30, 1989.

The only motion not resolved as of May 30, 1989, was the motion for attorney fees pursuant to section 10a(c) of the CFDBPA, which was granted but left the determination of the amount to June 14, 1989. (See *Szabo*, 819 F.2d at 717.) Yet this motion did not need to be resolved because a post-judgment petition for attorney fees under section 10a(c) is collateral and does not affect the appealability of a final judgment. Therefore, plaintiff was required to file his new notice of appeal within 30 days of May 30, 1989. Plaintiff did not file his new notice of appeal until July 12, 1989, more than 30 days after May 30, 1989. Consequently, this court lacks jurisdiction over all matters in this case which were resolved on or before May 30, 1989.

Nonetheless, plaintiff's new notice of appeal was filed within 30 days of the order awarding defendants attorney fees pursuant to section 10a(c) of the CFDBPA. Moreover, the new notice of appeal specifically asks this court to reverse the award. This court has jurisdiction to review that order. Plaintiff, however, has failed to argue the issue in his brief, thus waiving the issue on appeal. See 107 Ill. 2d R. 341(e)(7).

For the aforementioned reasons, we dismiss the appeal as to all matters except the June 14, 1989, order awarding attorney fees to defendants, which we affirm.

Appeal dismissed in part; affirmed in part.

BUCKLEY and O'CONNOR, JJ., concur.