2024 IL App (2d) 230162
No. 2-23-0162
Opinion filed September 3, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BALDEV RAJ BHUTANI, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
|     Plaintiff-Appellant and Counter- | ) | |
|     Defendant and Cross-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14-L-0020 |
| | ) | |
| BARRINGTON BANK & TRUST CO., N.A., | ) | |
| as Successor in Interest to Charter National | ) | |
| Bank & Trust, Hoffman Estates, Illinois | ) | |
| | ) | |
|     Defendant and Counterplaintiff and | ) | |
|     Third-Party Plaintiff-Appellee | ) | |
|     and Cross-Appellant, | ) | |
| | ) | Honorable |
| (AA Pharma, LLC, Third-Party Defendant | ) | Michael B. Betar, |
| and Cross-Appellee). | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Justices Jorgensen and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1 This appeal has its genesis in a lawsuit filed in 2014 by plaintiff Baldev Raj Bhutani alleging conversion and replevin counts regarding the contents of an industrial building Bhutani claimed to own. The building had previously been acquired by defendant Barrington Bank & Trust Company, N.A. (Barrington Bank), through a foreclosure by its predecessor in interest, Charter National Bank & Trust. Barrington Bank also filed a counterclaim setting forth multiple counts

and seeking to recover damages incurred due to Bhutani's alleged failure to vacate the building, naming Alra Laboratories, Inc. (which is no longer a part of these proceedings), and third-party defendant AA Pharma, LLC (AA Pharma) (a dissolved LLC, formerly known as Avtar, LLC), as additional defendants. On October 26, 2022, following a bench trial, the trial court granted judgment to Barrington Bank regarding all of Bhutani's claims. Regarding the counterclaim, the trial court found that Barrington Bank proved an intentional trespass, awarding damages in the amount of $213,208.22 against both Bhutani and AA Pharma. (Barrington Bank stated that, if the trial court found in its favor on the trespass count, it need not address the other counts of the counterclaim.) Bhutani now appeals, and Barrington Bank has filed a cross-appeal.

¶ 2     Before proceeding further, we note that Barrington Bank asserts that we lack jurisdiction over this appeal. It filed a motion raising this issue and asking that we dismiss this appeal. We provisionally denied the motion, while granting Barrington Bank leave to "reiterate the jurisdictional claim in its brief." See *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 348 (2009) ("A motion panel's denial of a motion to dismiss before briefing and argument is not final and may be revised at any time before the disposition of the appeal."). It has done so. Moreover, a court of review has an independent duty to confirm its jurisdiction. *Navigators Specialty Insurance Co. v. Onni Contracting (Chicago), Inc.*, 2022 IL App (1st) 210827, ¶ 7. We therefore turn to the jurisdictional issue raised by Barrington Bank. To understand the issue, we must first set forth a chronology of posttrial proceedings.

¶ 3                                    I. BACKGROUND

¶ 4     Following the trial court's pronouncement of judgment on October 26, 2022, the parties filed a number of postjudgment motions. First, on November 22, 2022, Bhutani filed a timely motion to reconsider. AA Pharma also filed a motion to vacate the judgment or reconsider the

damage award against it. AA Pharma's motion was submitted within 30 days of the trial court's judgment order but was not accepted until after the 30-day period for filing such motions, in part because of noncompliance with electronic filing requirements. AA Pharma was given leave to submit a brief addressing why the trial court should deem the motion timely. See Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022) (allowing relief upon a showing of "good cause"). On November 28, 2022, Barrington Bank filed a timely motion to tax costs pursuant to section 5-108 and section 5-109 of the Code of Civil Procedure (Code) (735 ILCS 5/5-108, 5-109 (West 2022)). The motion sought to recover costs for subpoena fees, depositions, and reporting fees pertaining to the trial transcript.

¶ 5   On March 3, 2023, the trial court entered two orders addressing the three outstanding motions. It first denied Bhutani's motion to reconsider. The trial court then determined that it lacked jurisdiction over AA Pharma's posttrial motion. Next, it granted in part and denied in part Barrington Bank's motion for costs, awarding Barrington Bank $3327.

¶ 6   On March 14, 2023, Bhutani filed a motion entitled, "Emergency Motion To Reconsider And/Or Modify Judgment Dated March 3, 2023." In it, he raised a number of issues, including, "This Court Order does not accurately state that on June 03, 2022, Plaintiff-Bhutani paid $7,157.70 to L&L Reporting Service, Inc., by Cashier's Check." He also asserted that the trial court failed to attach to its March 3, 2023, order a transcript of the proceeding at which the motion was heard. The balance of the issues pertained to the conduct and resolution of the bench trial. Barrington Bank objected, arguing that this constituted an impermissible, successive posttrial motion directed against the judgment.

¶ 7   On April 3, 2023, AA Pharma also filed a motion to reconsider. It challenged the trial court's conclusion that its original posttrial motion was not timely filed. AA Pharma also argued that the trial court erred in concluding that it had trespassed, since, having been involuntarily

dissolved in January 2013, it was incapable of doing so. Barrington Bank argued that the trial court lacked jurisdiction over this motion, pointing out that, to the extent it challenged the trial court's judgment following trial, it was successive.

¶ 8    A hearing was held on this round of motions on May 4, 2023. The trial court ruled, orally, that it lacked jurisdiction over Bhutani's motion, as it was a successive posttrial motion. It further found that it did not have the authority to consider AA Pharma's motion.

¶ 9    However, five days later, on May 9, 2023, the trial court, stating that it had "further reflected on the proceedings of May 4, 2023," issued a revised order in writing. It first noted that its judgment order of October 26, 2022, did not address the issue of court costs. It observed that on November 28, 2022, Barrington Bank filed a motion to tax costs. The trial court allocated costs on March 3, 2023. It stated that "this was not a ministerial act," as the court heard arguments, did legal research, and fashioned an award exceeding $3000. It concluded, "Because the March 3, 2023, order awarded certain monetary amounts in favor of Barrington Bank by way of court costs, it was the final judgment order that resolved all of the issues among the parties." It continued, "All parties, including the court, were of the mistaken belief that the October 26, 2022, order was the final and appealable judgment order of this court." Thus, it concluded that its jurisdiction did not terminate 30 days after the October 26, 2022, judgment and that AA Pharma's posttrial motion was not untimely. In turn, the trial court granted AA Pharma's motion to reconsider—holding that it could not have trespassed—and vacated the judgment imposed against it as a result of Barrington Bank's counterclaim. Regarding Bhutani's motion of March 14, 2023, the trial court denied it to the extent it sought a reallocation of the costs ordered in the trial court's March 3, 2023, order. It rejected Bhutani's claim that the court was required to attach to its order a transcript of the hearing at which the March 3, 2023, order was argued. It denied the motion to the extent it argued issues

that were or could have been raised in Bhutani's first motion to reconsider (dated November 22, 2022).

¶ 10    On May 11, 2023, Bhutani filed a notice of appeal, identifying the trial court's orders of October 26, 2022, March 3, 2023, and May 9, 2023, as its objects. It asked that this court vacate the trial court's judgment and direct a verdict in his favor.

¶ 11    On May 18, 2023, Barrington Bank filed a motion asking the trial court to reconsider its order of May 9, 2023. It asserted that its motion to tax costs was not a posttrial motion affecting the appealability of the trial court's judgment of October 26, 2022. Bhutani's timely posttrial motion tolled the running of the initial 30-day period in which a party could file an appeal. Accordingly, any notice of appeal had to be filed within 30 days of the March 3, 2023, order resolving Bhutani's timely posttrial motion. The trial court denied Barrington Bank's motion on May 25, 2023, reiterating that the October 26, 2022, judgment was not final because it did not address costs. Barrington Bank filed a notice of cross-appeal on June 14, 2023, asking that we vacate the trial court's order of May 9, 2023.

¶ 12                                II. ANALYSIS

¶ 13    Before filing a brief in this matter, Barrington Bank moved to dismiss Bhutani's appeal for want of appellate jurisdiction (which we provisionally denied), and, with our leave, reiterates the motion's arguments now. According to Barrington Bank, Bhutani's notice of appeal, which was filed on May 11, 2023, was filed 69 days after the final and appealable judgment in the case on March 3, 2023. To confer jurisdiction upon this court, a notice of appeal typically must be filed within 30 days of a final and appealable judgment, with certain exceptions. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). "An order or judgment is considered to be final and appealable for purposes of this rule if it terminates the litigation between the parties on the merits or disposes of

the rights of the parties, either on the entire controversy or a separate part thereof." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23. Where a trial court issues a final judgment regarding a distinct portion of a case, but as to less than all claims or parties, an appeal may be taken only if the trial court makes "an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Absent Rule 304(a) findings, a final order disposing of fewer than all pending claims does not become appealable until all remaining claims have been resolved. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464 (1990).

¶ 14 An exception to the 30-day limitation occurs when a party files a posttrial motion directed against the judgment. See 735 ILCS 5/2-1203 (West 2022). The timely filing of such a motion "shall toll the finality and appealability of the judgment or order at which it is directed." Ill. S. Ct. R. 274 (eff. July 1, 2019). In such cases, a notice of appeal must be filed within 30 days of the resolution of the last properly pending posttrial motion. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A party may file only one posttrial motion directed against a final judgment, although in certain circumstances, a superseding judgment may allow a party to file an additional such motion. Ill. S. Ct. R. 274 (eff. July 1, 2019).

¶ 15 According to Barrington Bank, the trial court issued its final judgment on October 26, 2022. Bhutani filed a timely posttrial motion on November 22, 2022, which tolled the appealability of the final judgment. Bhutani's motion was denied on March 3, 2023. In accordance with Rule 303(a)(1), Bhutani had 30 days after the denial of this motion to file his appeal, which would have been April 3, 2023 (tolled one day because the thirtieth day fell on a weekend (see *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 9.)) Bhutani, however, did not file his notice of appeal until May 11, 2023. As such, Barrington Bank concludes, Bhutani's notice of appeal is

untimely and we lack jurisdiction over Bhutani's appeal.

¶ 16    The trial court came to a different result. It determined that its October 26, 2022, judgment was not final because it did not address the issue of costs, which Barrington Bank raised in a posttrial motion on November 28, 2022. The motion for costs was resolved in the trial court's March 3, 2023, order, which the trial court consequently regarded as the final order in this case. As such, Bhutani's March 14, 2023, motion asking the trial court to reconsider the March 3, 2023, order was a timely posttrial motion directed against the final order in the case, which would have tolled the running of the 30-day period to file an appeal until after the motion was resolved. The motion was resolved on May 9, 2023, and Bhutani had 30 days from that date to appeal, making his notice of appeal filed on May 11, 2023, timely.

¶ 17    Thus, whether we have jurisdiction turns on whether the final order in this case was the October 26, 2022, order (as Barrington Bank advocates) or the March 3, 2023, order (as the trial court found). Which order was the final order, in turn, depends on the effect of the filing of Barrington Bank's motion to tax costs. That is, did the filing of this motion somehow undermine the finality or appealability of the October 26, 2022, order.

¶ 18    We initially note that tolling is not at issue in this case. A timely posttrial motion "directed against the judgment" stops the running of the 30-day period to file an appeal following a final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Here, since Bhutani filed such a motion on November 22, 2022, the 30-day period following the October 26, 2022, order was tolled in this case. The issue, rather, is whether the trial court's October 26, 2022, order was the final and appealable order in this case, or whether its character as such was undone when Barrington Bank filed its motion to tax costs. If this motion constitutes a separate claim in this action, the October 26, 2022, order would not have resolved all claims between the parties. In that case, the trial court

would have had to make the findings required by Rule 304(a) for the October 26, 2022, order to be appealable.

¶ 19    For example, a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) renders an otherwise final judgment unappealable absent Rule 304(a) findings. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) ("A judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a)."). This is because, by its own terms, a Rule 137 motion creates a claim in the proceeding in which it is filed. Ill. S. Ct. R. 137(b) (eff. Jan. 1, 2018) ("All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other document referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but *shall be considered a claim within the same civil action*." (Emphasis added.)). If Barrington Bank's motion to tax costs functions like a Rule 137 motion, appeal of the October 26, 2022, order prior to the motion's resolution would have required Rule 304(a) findings. Moreover, all claims would not have been resolved until the trial court entered its March 3, 2023, order resolving the motion for costs, which would then become the final and appealable order.

¶ 20    We note that Barrington Bank's motion was filed under section 5-108 and section 5-109 of the Code (735 ILCS 5/5-108, 5-109 (West 2022)). Unlike Rule 137, neither section states that a request for costs constitutes a separate claim in the proceeding in which it is filed. See *id.* §§ 5-108, 5-109. Moreover, case law indicates that a request for costs does not affect the appealability of the judgment at issue in a given case.

¶ 21    In *Gray v. National Restoration Systems, Inc.*, 354 Ill. App. 3d 345 (2004), a trial court dismissed a case through a series of orders that were not accompanied by findings pursuant to Rule 304(a). The defendants subsequently filed a motion for costs, and the plaintiff then filed a notice

of appeal. The defendants argued that the orders of dismissal were not appealable due to the pending motion for costs. The reviewing court concluded otherwise, explaining:

"Defendants argue that disposal of [the] motion for costs was necessary in order to achieve finality in the underlying action, and therefore the three orders did not become final and appealable until November 14, 2000. However, there is a distinction between necessary claims and claims that are incidental or collateral to an underlying action for the purpose of determining jurisdiction. Motions for fees collateral to the judgment do not affect the appealability of a final judgment. [Citation.] Costs such as deposition fees are considered ancillary to the litigation. [Citation.]" *Id.* at 358.

The court concluded, "Thus the resolution of [the] petition for costs need not have been resolved before this action became appealable. [Citation.]." *Id.*

¶ 22   The *Gray* court relied on *Servio v. Paul Roberts Auto Sales, Inc.*, 211 Ill. App. 3d 751 (1991), in which the reviewing court considered the effect of a motion seeking an award of attorney fees in accordance with section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, ¶ 270a(c)). After determining that this motion was not directed against the judgment for the purposes of Illinois Supreme Court Rule 303, the *Servio* court next considered whether the fact that it was pending required the trial court to make Rule 304(a) findings to make the balance of its judgment appealable. *Servio*, 211 Ill. App. 3d at 758-59. The court noted that Illinois courts "have recognized a distinction between a claim for fees which is brought as part of a principal action and a claim made after the principal action had been decided." *Id.* at 759. In the latter case, Rule 304(a) findings are not necessary. *Id.* It concluded, "In this case, therefore, where the section 10a(c) motion raised claims that were collateral to the underlying action, the order of the trial court disposing of the last timely post-trial motion was appealable

-9-

without a Rule 304(a) finding." *Id.* at 760. In the instant case, Barrington Bank's claim for costs was not part of the original action and, thus, like the motion in *Servio*, was "collateral to the underlying action."

¶ 23    We note, parenthetically, that in its brief, AA Pharma asserts that "costs were sought in Barrington's Counterclaim/Third Party Complaint against Bhutani and AA Pharma." AA Pharma fails to substantiate this proposition with a citation of the record, needlessly hindering our review as well as forfeiting the point. See *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 32. In any event, having reviewed Barrington Bank's counterclaim, the only reference we located to fees or costs concerned a contractual claim for fees based on a provision in a note and a claim for fees that had been previously incurred in a related action. Conversely, fees such as those at issue in Barrington Bank's motion to tax costs are awarded to prevailing parties (see 735 ILCS 5/5-108, 5-109 (West 2022)), so these claims could not have arisen until after the trial court entered its judgment in the case.

¶ 24    Further guidance can be found in *Berger v. Matthews*, 216 Ill. App. 3d 942 (1991). There, following final judgment and the resolution of a Rule 137 motion on January 29, 1990, a petition for deposition costs and subpoena fees remained pending. Despite the pendency of the petition for fees, the *Berger* court determined that the plaintiff had 30 days from January 29 to file its notice of appeal:

> "Our courts have made a distinction between a claim for fees which is brought as part of a principal action and a claim made after the principal action has been decided. [Citations.] Under Rule 137, a proceeding for attorney fees is within and a part of the underlying civil action, not a separate cause of action, and, therefore, must be resolved before the action becomes appealable unless there is a Rule 304(a) finding. [Citation.]

However, motions for fees collateral to the judgment do not affect the appealability of a final judgment. [Citation.] Consequently, the petition for deposition costs and subpoena witness fees need not have been resolved before the action became appealable. The plaintiff was required to file his new notice of appeal within 30 days of January 29, 1990." *Id.* at 944.

Like the motion in *Berger*, Barrington Bank's motion sought to recover subpoena fees and deposition costs in addition to reporting fees for the trial transcript.

¶ 25 Accordingly, in light of the foregoing precedent, we hold that Barrington Bank's motion to tax costs did not affect the finality or appealability of the trial court's October 26, 2022, judgment. Bhutani's November 22, 2022, posttrial motion to reconsider tolled the running of the 30-day period to file an appeal following that judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). When Bhutani's posttrial motion was resolved on March 3, 2023, the 30-day appeals period began to run anew, meaning that the parties had 30 days from the date of that order to appeal. *Id.* Bhutani filed a motion to reconsider the March 3, 2023, order on March 14, 2023; however, this did not toll the running of the new 30-day period to appeal, as the trial court had no authority to consider a successive posttrial motion. *Illinois State Toll Highway Authority v. Gary-Wheaton Bank*, 203 Ill. App. 3d 672, 676-77 (1990). Bhutani did not file his notice of appeal until May 11, 2023, which is well past 30 days from the entry of the March 3, 2023, order. Because Bhutani did not file his notice of appeal within 30 days of the order he seeks to appeal, we lack jurisdiction over his appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 26 We note the trial court's reliance on *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 395 Ill. App. 3d 501, 505 (2009), in which this court held that it lacked jurisdiction over an appeal where the trial court entered an award of attorney fees and costs but had not yet

determined the amount of those fees or costs. We held that the trial court's order, absent these determinations, did not constitute a final judgment. *Id.* Unlike this case, the claim for fees set forth in *Lamar Whiteco Outdoor Corp.* was based on the statutes establishing the plaintiff's cause of action and set forth in the complaint's prayer for relief. *Id.* at 503. In this case, Barrington Bank's claim was asserted after the October 26, 2022, judgment. As explained above, there is a "distinction between a claim for fees which is brought as part of a principal action and a claim made after the principal action had been decided." *Servio*, 211 Ill. App. 3d at 759. In the latter case, the pendency of the claim for fees does not affect the appealability of the earlier judgment. *Id.*; see *Berger*, 216 Ill. App. 3d at 944. Since we are dealing with a claim that arose after the final judgment, *Lamar Whiteco Outdoor Corp.* is distinguishable.

¶ 27    We also note that in his March 14, 2023, motion to reconsider, in addition to attacking the October 26, 2022, judgment (which was improper as it constituted a successive posttrial motion as it pertained to that judgment), Bhutani also argued that the trial court's March 3, 2023, order does not reflect that he paid $7157.70 to a court reporting service. He also contends that the trial court failed to attach to its March 3, 2023, order a transcript of the proceeding in which the motion was heard. Since these arguments are directed at rulings occurring after the October 26, 2022, judgment, they are not successive in nature. However, they do lack merit. As the trial court noted, there simply is no requirement that a trial court attach a transcript to an order. Regarding the fact that the trial court did not expressly mention that Bhutani paid $7157.70 for court reporting services, we note that a trial court is presumed to consider the competent and probative evidence before it. *People v. Smith*, 176 Ill. 2d 217, 241 (1997). That the trial court's written order did not reference a particular fact is immaterial.

¶ 28    This brings us to Barrington Bank's cross-appeal, which also turns on the jurisdictional

question we have been addressing, specifically, whether the October 26, 2022, judgment was rendered nonfinal and nonappealable by Barrington Bank's motion to tax costs. In its cross-appeal, Barrington Bank contends that the trial court erred in concluding that it had jurisdiction over AA Pharma's posttrial motion and in granting, in its May 9, 2023, order, AA Pharma's request to vacate that portion of the October 26, 2022, judgment pertaining to it. AA Pharma's posttrial motion was submitted within 30 days of the judgment, but it was not accepted by the clerk until after the 30-day period for filing such motions expired. AA Pharma was given leave to submit a brief addressing why the trial court should deem the motion timely. See Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022). On March 3, 2023, in its written memorandum order, the trial court rejected AA Pharma's arguments as to why its posttrial motion should be deemed timely, ruling that it failed to show "good cause" to justify a late filing. On May 9, 2023, the trial court vacated this order. It explained its belief that its October 26, 2022, order was interlocutory, as Barrington Bank's motion to tax costs remained pending. As such, the trial court reasoned, the March 3, 2023, orders were the true final orders in this case, which marked the beginning of the 30-day appeals period. It was therefore immaterial that AA Pharma's motion to reconsider the October 26, 2023, order was filed more than 30 days after that date, as the 30-day period had not yet started to run. This determination was error.

¶ 29    As explained above, Barrington Bank's motion to tax costs did not affect the finality or appealability of the October 26, 2023, judgment. Hence, AA Pharma's posttrial motion was not filed and accepted during the 30-day period for appealing that judgment. Thus, this motion was untimely. Further, in its March 3, 2023, written order, the trial court ruled that AA Pharma did not establish good cause to permit a late filing of its motion. Accordingly, the trial court did not have jurisdiction over AA Pharma's posttrial motion. AA Pharma filed a motion to reconsider the March

3, 2023, order on April 3, 2023. To the extent this motion to reconsider is directed against the substance of the October 26, 2022, final judgment, it is successive to AA Pharma's earlier posttrial motion, so the trial court lacked the authority to consider it. *Illinois State Toll Highway Authority*, 203 Ill. App. 3d at 676-77.

¶ 30    One issue remains outstanding with respect to Barrington Bank's cross-appeal contesting the trial court's jurisdiction to enter the May 9, 2023, order vacating the May 3, 2023, order finding that AA Pharma had not established good cause for a late filing of its posttrial motion. In its April 3, 2023, motion to reconsider, AA Pharma sought reconsideration of the trial court's March 3, 2023, decision. Thus, this portion of the motion was not directed against the October 26, 2022, judgment and is not successive. Since we may affirm the trial court's order of May 9, 2023, on any basis appearing in the record (*Station Place Townhouse Condominium Ass'n v. Village of Glenview*, 2022 IL App (1st) 211131, ¶ 25), we will consider whether AA Pharma has established a basis for the trial court to have jurisdiction over its posttrial motion. The trial court would have had jurisdiction if it had erred in its May 3, 2023, order finding no good cause for the late filing.

¶ 31    Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022) provides relief for certain untimely filings, stating, "If a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, upon good cause shown." Rule 9(d) provides flexibility to litigants and the courts to address problems with e-filing, " 'upon good cause shown.' " See *Davis v. Village of Maywood*, 2020 IL App (1st) 191011, ¶ 18. Whether the trial court properly denied a plaintiff's Rule 9(d)(2) motion is a matter that we review for an abuse of discretion. *Id.* ¶ 13. An abuse of discretion exists where no reasonable person would take the position adopted by the trial court or where the trial court acts arbitrarily, fails to employ conscientious judgment, and ignores recognized principles of law. See *In re Possession & Control of the Commissioner of*

*Banks & Real Estate of Independent Trust Corp.*, 327 Ill. App. 3d 441, 476 (2001); see also *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 34 (a trial court "abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable or when no reasonable person would adopt its view").

¶ 32　　We note that, in its March 3, 2023, written order, the trial court found that AA Pharma had not established good cause for a late filing. In that order, the trial court noted that AA Pharma attempted to file its motion within the applicable period but that it was rejected by the clerk's office for a number of reasons. First, the trial court noted that the motion was "missing the requisite Certification form" mandated by local rule. Second, the trial court stated, "[T]he Clerk's office indicated that it was also rejecting [AA Pharma's] motion because [AA Pharma] did not have an Appearance on file." The trial court noted that this second basis was erroneous and that the clerk's office had acknowledged this. Three days later—after the period for filing an appeal had passed—AA Pharma attempted to refile its motion; however, it neglected to file the motion and attached documents as separate PDF files, so this attempted filing was also rejected. 19th Judicial Cir. Ct. R. 1-2.08(E) (Dec. 31, 2017). AA Pharma again refiled the motion two days after that, and, this time, it was accepted. Since it was accepted after the 30-day period for filing an appeal had elapsed, AA Pharma was given leave to file a brief explaining why a late filing should be allowed. See Ill. S. Ct. R. 9(d) (eff. Feb. 4, 2022).

¶ 33　　In its well-reasoned written order on AA Pharma's good cause motion, the trial court found that AA Pharma had violated two local rules concerning e-filing requirements and that its counsel should have become familiar with e-filing requirements during the five years they were mandatory as of the time of the rejected filing. The trial court concluded that there was no good cause for the late filing, noting: "[AA Pharma]'s 'good cause' is that it failed to comply with two separate

requirements of e-filing."

¶ 34    In its April 3, 2023, motion to reconsider, AA Pharma asked the trial court to reconsider its ruling regarding the timeliness of its posttrial motion to reconsider. AA Pharma limited its argument to the issue of whether it had filed an appearance, which the trial court acknowledged in its March 3, 2023, written order was an error by the clerk. AA Pharma did not address the other bases for the trial court's finding of no good cause expressly identified in its March 3, 2023, written order. As such, AA Pharma has provided us with no basis to affirm the trial court's subsequent determination on May 9, 2023, that it had the authority to address AA Pharma's posttrial motion to reconsider. Beyond this issue, as stated above, to the extent that AA Pharma's April 3, 2023, motion raises issues directed at the October 26, 2022, judgment, it is successive with its earlier, untimely posttrial motion.

¶ 35    Before closing, we note that AA Pharma has raised a number of additional arguments regarding the trial court's authority to hear its posttrial motion. First, in arguing that the trial court still had jurisdiction at the time AA Pharma filed its posttrial motion, it relies upon the fact that the trial court did not adjudicate the amount of fees to which Barrington Bank was entitled by virtue of its motion to tax costs until March 3, 2023. We rejected that argument previously, as Barrington Bank's motion to tax costs was collateral to the underlying action for jurisdictional purposes (see *Gray*, 354 Ill. App. 3d at 358). Further, AA Pharma claims that its posttrial motion relied on evidence that was not available at trial; however, it cites nothing that would support the notion that such a claim may be asserted in an untimely posttrial motion.

¶ 36    Finally, AA Pharma suggests that Bhutani's November 22, 2022, motion to reconsider, which tolled the appeals period following the October 26, 2022, judgment, caused the trial court to retain jurisdiction over the case such that it could file its motion to reconsider beyond the typical

30-day period for appealing. That is, according to AA Pharma, once the appeals period was tolled by Bhutani's posttrial motion, it was free to file its posttrial motion at any time during that tolled period.

¶ 37     It is certainly true that the filing of a posttrial motion directed at the verdict tolls the period for filing a notice of appeal. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). No similar provision exists that tolls the period for filing a posttrial motion. Both section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2022)) and Illinois Supreme Court Rule 274 (eff. July 1, 2019) state that, absent an extension by the trial court, posttrial motions must be filed within 30 days of the final judgment. Unlike Rule 303(a), which expressly tolls the running of the period for filing a notice of appeal when a timely motion directed against the verdict is filed, neither section 2-1203 nor Rule 274 contains a tolling provision. Hence, the plain language of these provisions does not support AA Pharma's argument.

¶ 38                    III. CONCLUSION

¶ 39     In light of the foregoing, we vacate the trial court's order of May 9, 2023, and reinstate its orders of March 3, 2023. The final judgment in this case occurred on October 26, 2022. Bhutani filed a timely posttrial motion directed at the judgment, which tolled the running of the appeals period. That period begin to run anew when the trial court resolved Bhutani's timely filed posttrial motion on March 3, 2023. Since Bhutani did not file his notice of appeal until more than 30 days after the March 3, 2023, orders, it was untimely. We therefore lack jurisdiction over Bhutani's appeal. We also lack jurisdiction over AA Pharma's posttrial motion, as it was untimely filed and no good cause was shown that would permit a late filing.

¶ 40     Appeal dismissed in part and vacated in part.

---

*Bhutani v. Barrington Bank & Trust Co., N.A.*, **2024 IL App (2d) 230162**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 14-L-0020; the Hon. Michael B. Betar, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Baldev Raj Bhutani, of Waukegan, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | John F. Sullivan, Matthew Hendricksen, and Mackenzie Moore, of Plunkett Cooney PC, of Chicago, for appellee Barrington Bank and Trust Company, N.A. |
| | Alisha Patel, of Buffalo Grove, for appellee AA Pharma LLC. |