2026 IL App (2d) 250203-U
No. 2-25-0203
Order filed March 18, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

RANDALL L. AIRST, Petitioner-Appellant,

v. CHRISTOPHER L. STANN, Respondent-Appellee.

Appeal from the Circuit Court of Lake County.
Honorable James R.M. Newman, Judge, Presiding.
No. 25-OP-1043

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the denial of husband's petition seeking an order of protection for his wife, who allegedly was being financially exploited by her brother. The denial was proper because husband did not establish that his wife was disabled, such that he was authorized to seek an order of protection on her behalf.

¶ 2     *Pro se* petitioner, Randall L. Airst, appeals from the denial of his petition for an emergency order of protection against respondent, Christopher L. Stann, and in favor of Susan Stann Airst (Susan), who is petitioner's wife and respondent's sister. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On May 9, 2025, petitioner filed a petition for an emergency order of protection under the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/101 *et seq.* (West 2022)). Petitioner alleged that, when Susan's and respondent's parents died, the siblings became beneficiaries of the

Leonard August Stann Trust. As beneficiaries, they each owned 50% of a company, "Lander, Inc.," (Lander), which held various real estate. According to petitioner, respondent was misappropriating Susan's share of rental income from Lander properties as well as selling Lander properties without her permission. The petition identified both petitioner and Susan as parties in need of protection. Susan was identified as a "high-risk adult with disabilities," in that she was "age 63 [and] under the care of a cardiologist." Petitioner implied that Susan had a "physical or mental disability [that] impair[ed] [her] ability to seek or obtain protection from abuse, neglect, or exploitation." However, petitioner did not specify how Susan was impaired in her ability to seek protection. As relief, petitioner asked that respondent be ordered to, *inter alia*, avoid contact with petitioner and Susan, compensate petitioner for misappropriating assets belonging to Susan, and refrain from disposing of assets belonging to Susan.

¶ 5    In a video hearing held on May 9, 2025, only petitioner appeared before the court. Consistent with the petition, he claimed that Susan held a 50% ownership interest in various real estate that respondent and Susan inherited from their parents. Petitioner described respondent's conduct as follows:

> "[Respondent] has been stealing—each and every day stealing property, stealing rents. There is an 8,000-square-foot house in Lake County. He just took over the use of it. It's owned by [Lander]. It's owned by the corporation. He takes rents each and every day.
>
> He's recently sold a property vastly below market value but still [$]825,000."

When the trial court asked, "So why aren't you in probate court right now *** ?" Petitioner replied that respondent's behavior "fit[ ] within the definition of *** exploit[ation]" and that Susan was "under the care of cardiologist." When the court asked for clarification, petitioner explained that Susan, age 63, had been prescribed a blood thinner because she had "a predisposition towards

[blood] clotting" and "had pretty severe blood clots." Susan's physician "sa[id] he'd like to see her on [the medication] for the rest of her life." After further dialogue, the court denied the petition, stating,

> "Sir, this needs to be in a probate court. This is not properly before this [c]ourt for an emergency order of protection. I understand that the letter of the law you are indicating that you believe that your wife who is 63 on a heart medication for life is an abused, high-risk adult and that she is the victim of abuse and harassment at the hands of her brother.
>
> This is a financial dispute as to the trust and whether or not [respondent] is defrauding your wife and/or committing other criminal offenses.
>
> Your request for an emergency order of protection is denied. You need to take this before the proper court as to your remedy of getting that money returned or some other civil relief that you're seeking. It's not in this courtroom on an emergency order of protection. ***."

¶ 6 In its written order, the trial court stated that it was denying the petition because (1) "the [p]etitioner has not presented credible evidence to meet the burden of proof required by [the Act]" and (2) "this is a civil dispute as to a land trust that petitioner's wife has/had an interest in."

¶ 7 Petitioner filed this timely appeal.

¶ 8                                II. ANALYSIS

¶ 9 At the outset, we note that petitioner has filed a motion asking us to take notice of respondent's financial affidavit, filed in a separate lawsuit, in which he made (as petitioner claims) "numerous admissions against pecuniary interest." We deny the motion, as we decline to consider matters outside the record on appeal. See *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009). We also note that petitioner previously filed a motion to "Freeze Sales Proceeds & Prohibit

Transfers." We denied that motion but left our ruling open to reconsideration depending on how we resolved the merits of this appeal. Because we affirm the denial of the petition for an order of protection, we will not disturb our prior ruling.

¶ 10 Another preliminary matter we address is respondent's failure to file an appellee's brief. Because the issue on appeal is straightforward, we proceed to the merits without respondent's input. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 11 The standard of proof in a proceeding under the Act to obtain an order of protection "is proof by a preponderance of the evidence." 750 ILCS 60/205(a) (West 2022). "Proof by a preponderance of the evidence means that the facts at issue are rendered more likely than not." *Graham v. Van Rengen*, 2024 IL App (2d) 230611, ¶ 53.

¶ 12 The trial court refused to issue a protective order in favor of either petitioner or Susan, but petitioner challenges the denial only as to Susan. The court's reason for the denial was the same for both Susan and petitioner: the matter presented was a "financial dispute as to the trust and whether or not [respondent] [was] defrauding [Susan] and/or committing other criminal offenses." The court did not decide whether Susan qualified as a person for whom another—here, petitioner— could seek a protective order. However, we may affirm the court's decision on any basis appearing in the record. See *Bhutani v. Barrington Bank & Trust Co.*, 2024 IL App (2d) 230162, ¶ 30. For the reasons that follow, we hold that petitioner did not meet his burden to prove that he was authorized to seek a protective order on Susan's behalf.

¶ 13 Section 201(a) of the Act (750 ILCS 60/201(a) (West 2022)) specifies the classes of persons "protected by [the] Act." Persons protected include "any high-risk adult with disabilities who is abused, neglected, or exploited by a family or household member[.]" *Id.* § 201(a)(ii). Section

201(b) of the Act (*id.* § 201(b)) specifies the persons who may file a petition for an order of protection. A petition may be filed by, *inter alia*, "any person on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member[.]" *Id.* § 201(b)(ii). Under the Act,

> " '[a]dult with disabilities' means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any." *Id.* § 103(2).

" 'High-risk adult with disabilities' means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation." *Id.* § 103(8).

¶ 14 Petitioner invoked the foregoing provisions in claiming that Susan was a person for whom he could seek an order of protection. Petitioner did not meet his burden. At the hearing, petitioner stated he filed for a protective order on behalf of Susan because she was 63 and was "under the care of a cardiologist" who had prescribed her a blood thinner, which he believed she would need permanently because she tends to develop blood clots, some of which had been severe. Petitioner's description of Susan's medical condition did not establish that she had a "physical or mental disability [that] impair[ed] [her] ability to seek or obtain protection from abuse, neglect, or exploitation." Petitioner provided absolutely no information on how Susan's condition, as medicated, impacted her functioning. We cannot determine the specifics of this situation based on the record. Because petitioner did not establish his authority to seek an order of protection on

Susan's behalf, the trial court did not err in denying his petition. See *Diane P. v. M.R.*, 2016 IL App (3d) 150312, ¶¶ 17-18 (absent authorization in the Act, an adult cannot seek an order of protection on behalf of another adult).

¶ 15                                    III. CONCLUSION

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

¶ 17    Affirmed.